IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07cv36-3-V
(5:03cr12-10-V)

| | | |
|---|---|---|
| EDWARD MONROE LITTLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATED OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (Doc. No. 1); the Government's Motion for Summary Judgment (Doc. No. 6); and Petitioner's Response to the Government's Motion for Summary Judgment (Doc. No. 12). For the reasons stated below, Petitioner's Motion to Vacate will be denied and dismissed.

I. PROCEDURAL HISTORY

On February 25, 2003, Petitioner and eleven other individuals were named in a sixteen-count Bill of Indictment charging violations of 21 U.S.C. §§ 846, 841, and 853. Specifically, Petitioner and eleven co-defendants were charged with conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 846 and 841 (Count One). Petitioner and co-defendant, Sherwood Gaither, were also charged with possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count Five). (See case no. 5:03cr12; Bill of Indictment, Doc. No. 3.) On

1

February 27, 2003, the Government filed an Information pursuant to 21 U.S.C. § 851 notifying the Court and Petitioner that the Government would rely on Petitioner's prior felony drug convictions for an enhanced statutory penalty at sentencing. (See case no. 5:03cr12; § 851 Notice, Doc. No. 12.) The Government also filed an Information pursuant to 21 U.S.C. § 841(b) notifying the Court and Petitioner of the types and amounts of controlled substances involved in the charged offenses for sentencing purposes. (See case no. 5:03cr12; § 841 Information, Doc. No.4.)

Petitioner's jury trial began on May 4, 2004. Six days later, on May 10, 2004, the jury found Petitioner guilty of the charges in Counts One and Five of the Bill of Indictment. Specifically, the jury found that an object of the conspiracy was to possess with the intent to distribute a detectable amount of cocaine and at least fifty grams but less than five kilograms of a mixture and substance containing a detectable amount of cocaine base. (See case no. 5:03cr12; Verdict Sheet, Doc. No. 235). In preparation for Petitioner's sentencing, the Probation Office prepared a presentence report ("PSR") calculating Petitioner's offense level as a 36 with a criminal history category V, yielding a guideline range imprisonment of 292 to 365 months. However, 21 U.S.C. §§ 841(b)(1)(A) and 851 require a term of life imprisonment for Count One and not less than ten years nor more than life for Count Five. Therefore, because the statutory minimum sentence of imprisonment is greater than the minimum of the guideline range, the guideline term of imprisonment is life. See U.S.S.G. § 5G1.1(c)(2). Petitioner filed objections to the PSR by letter dated November 8, 2004 (Doc. No. 7, attached to PSR, filed under seal.) First, Petitioner objected to the life sentence, arguing that because the jury did not render a verdict concerning Petitioner's role in the conspiracy, his maximum sentence could not exceed twenty years. Second, he maintained that his criminal history was overstated because it contained prior state convictions that were a part of the underlying federal

criminal case. Next, he argued that the convictions supporting the § 851 notice were the result of sentencing entrapment. Finally, he objected to the entire offense conduct set forth in the PSR because he continued to maintain his innocence to the charges for which he was convicted.

On January 10, 2005, Petitioner appeared with counsel for sentencing. Petitioner acknowledged that he reviewed the PSR with his attorney. (Sentencing Transcript at 2.) Petitioner's attorney advised the Court that he did not wish to be heard on the objections he lodged against the PSR, choosing instead to rely on his written argument. (Id.) The Court overruled all of Petitioner's objections and adopted the PSR for sentencing purposes. (Id. at 3-5.) The Court sentenced Petitioner to life imprisonment on Counts One and Five to be served concurrently.

Petitioner filed a notice of appeal in the Fourth Circuit Court of Appeals on January 10, 2005. (See case no. 5:03cr12; Notice of Appeal, Doc. No. 276.) Petitioner's attorney filed an Anders[1] brief concluding that there were no meritorious grounds for appeal. Nevertheless, he raised the issue that the district court erred by denying Petitioner's motion to suppress the evidence seized from Petitioner's car during the May 1, 2002 traffic stop. Petitioner filed a pro se supplemental brief dated June 25, 2005, raising twenty-three issues.[2] The Fourth Circuit affirmed Petitioner's convictions and sentence in an unpublished decision on March 14, 2006. United States v. Little, No. 05-4102 (4th

---

[1] Anders v. Califoria, 386 U.S. 738 (1967).

[2] Pertinent to the instant motion, Petitioner raised the following issues: (1) the indictment charged him with 21 U.S.C. § 846, not § 841 or § 851; (2) the district court failed to make an individualized finding of drug quantities; (3) the drug amounts were not proven beyond a reasonable doubt and submitted to the jury; (4) his sentence exceeded the maximum amount of imprisonment without proof of drug quantities; (5) his sentence could not exceed the lowest statutory maximum in a conspiracy involving multiple defendants and multiple controlled substances; and (6) his sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000) and United States v. Booker, 543 U.S. 220 (2005).

Cir. March 14, 2006). The Court specifically found that "the motion to suppress was properly denied." The Court further found that the claims raised by Petitioner in his pro se supplemental brief were without merit. Finally, subsequent to a review of the entire record pursuant to Anders, the Court concluded that there were no meritorious issues for appeal. Petitioner did not file a petition for writ of certiorari.

On March 14, 2007, Petitioner filed the instant Motion to Vacate alleging a defective indictment and ineffective assistance of counsel. Specifically, Petitioner first alleges that Count Five of the Indictment charging him with distribution of crack cocaine pursuant to 21 U.S.C. §§ 841 and 846 and 18 U.S.C. § 2 is defective because it fails to allege the punishment provisions of 21 U.S.C. § 841(b) as an element of the offense and also fails to allege an object of the conspiracy. Petitioner also claims that the Indictment failed to charge the enhancements relied upon by the Court at sentencing. Based on these alleged deficiencies, Petitioner argues that the Court lacked jurisdiction and that by allowing the case to proceed, the Court amended the Indictment in violation of the Due Process Clause of the Constitution. Therefore, Petitioner concludes that he is factually and legally innocent, that the trial and resulting sentence are unconstitutional, and that the remedy to "correct the constitutional injuries" to Petitioner is for the Court to declare "Apprendi, Blakely, and Booker retroactive" to his collateral attack. (Brief in Support of Motion to Vacate at 6.)

Next, Petitioner argues that his attorney, Randolph Lee, provided ineffective assistance of counsel by: (1) failing to recognize the defects in the Indictment and failing to preserve them for appeal; (2) allowing Petitioner to be illegally sentenced under 21 U.S.C. § 841(b)(1)(A); (3) failing to appeal the alleged illegal sentence; and (4) failing to anticipate the Supreme Court's decisions in Booker and Cunningham.

## II. LEGAL DISCUSSION

    A.        Several of Petitioner's Claims Are Procedurally Barred

Petitioner's allegations of defective indictment and that his sentence is illegal because: (1) the drug amounts were not proven beyond a reasonable doubt and submitted to the jury; (2) the district court failed to make an individualized finding of drug quantity; (3) the jury did not make specific findings and render a verdict concerning his role in the conspiracy; and (4) his sentence exceeded the maximum amount of imprisonment without proof of drug quantities in violation of Apprendi and Booker were all raised and decided adversely to Petitioner by the Fourth Circuit in his direct appeal. In addition to his appellate counsel's Ander's brief challenging this Court's denial of Petitioner's motion to suppress the evidence of the search of the car, Petitioner filed a supplemental brief raising twenty-three issues for consideration by the Court. The Fourth Circuit affirmed this Court's denial of Petitioner's motion to suppress and affirmed Petitioner's conviction and sentence. The Court also found that the claims raised in Petitioner's supplemental brief were without merit and independently reviewed the entire record and determined that there were no meritorious issues for appeal. Under the law, it is well settled that in the absence of a favorable, intervening change in the law, a petitioner simply is not free to re-litigate claims which already were rejected on direct review. Davis v. United States, 417 U.S. 333, 342 (1974); Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). Accordingly, since Petitioner has not directed the Court's attention to any intervening change in the law which would authorize him to re-litigate these claims in this proceeding, the claims are procedurally barred.

    B. Claims of Ineffective Assistance of Counsel Are Without Merit

Petitioner alleges that Count Five of the Indictment is defective because it fails to charge the

penalty provisions of 21 U.S.C. § 841(b) and fails to allege the object of the conspiracy, that his sentence is illegal because the drug amount was not proven beyond a reasonable doubt and submitted to the jury, that his attorney was ineffective for failing to raise the issue of a defective indictment, that his attorney was also ineffective for allowing Petitioner to be illegally sentenced to life imprisonment under 21 U.S.C. § 841(b)(1)(A) and for failing to raise these issues on appeal, and was further ineffective for failing to anticipate the Supreme Court's decisions in Booker and Cunningham. As set forth above, with the exception of the ineffective assistance of counsel claim, these claims are procedurally barred.

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983); Marzullo v. Maryland, 561 F.2d 540, 543 (4th Cir. 1977).

Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief . . . if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1420-31). If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290 (citing Strickland, 466 U.S. at 697).

6

Petitioner claims that his counsel, Randolph Lee, was ineffective for failing to challenge an alleged defective indictment. Specifically, Petitioner alleges that Count Five of the Indictment failed to charge the penalty provisions of 21 U.S.C. § 841(b) and failed to include facts supporting the enhancements resulting in a life sentence in violation of Apprendi. Petitioner also alleges that Count Five of the Indictment failed to charge an object of the conspiracy.

Count Five of the Indictment charged that Petitioner and co-defendant Sherwood Gaither:

> did knowingly, unlawfully possess with intent to distribute, a quantity of cocaine base, a Schedule II controlled substance, and did aid and abet one another, all in violation of Title 21, United States Code, Section 841 and Title 18, United States Code, Section 2.
> 2. Said offense involved 5 grams or more of a mixture and substance containing a detectable amount of cocaine base.
> 3. All in violation of Title 21, United States Code, Section 841 and Title 18, United States Code, Section 2.

(See case no. 5:03cr12; Bill of Indictment, Doc. No. 3.).

First, Count Five of the Indictment, charging Petitioner with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 included the elements of the offense and informed Petitioner of the exact charges against him. Further, because Count Five is not a conspiracy charge, but a possession with intent to distribute cocaine base charge and aiding and abetting this conduct in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2, there is no requirement to allege an object of a conspiracy as Petitioner alleges.[3]

Next, Apprendi provides that "[o]ther than the fact of a prior conviction any fact that

---

[3] The Court notes that Count One, the conspiracy count, did allege that the object of the conspiracy was to possess with the intent to distribute a quantity of cocaine and cocaine base. (See case no. 5:03cr12; Bill of Indictment ¶ 1, Doc. No. 3.) Moreover, the jury specifically found that the Government proved beyond a reasonable doubt "that an object of the conspiracy was to possess with the intent to distribute a detectable amount of cocaine and at least fifty grams but less than five kilograms of a mixture and substance containing a detectable amount of cocaine base. (See case no. 5:03cr12; Verdict Form, Doc. No. 235.)

increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. There is no Apprendi requirement that the penalty subsection be included in the indictment. Prior convictions used to enhance a defendant's sentence need not be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt. See United States v. Cheek, 415 F.3d 349, 354 (4th Cir. 2005) ("[I]t is . . . abundantly clear that the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt.") Here, an Information filed on February 27, 2003 pursuant to 21 U.S.C. § 851 notified Petitioner and the Court of the possibility of an enhanced sentence based on Petitioner's prior felony drug convictions. The purpose of the § 851 notice is to notify a defendant prior to trial that he faces an increased punishment if convicted of a qualifying offense, such that the defendant has the opportunity to contest the accuracy of the information and to allow the defense sufficient time to understand the full consequences of a guilty plea or verdict. United States v. Williams, 59 F.3d 1180, 1185 (11th Cir. 1995).

However, Apprendi does require that in order to subject a defendant to a sentence longer than the maximum sentence set forth in § 841(b)(1)(C), which governs cases involving an indeterminate quantity of schedule I and schedule II controlled substance, the drug quantity must be alleged in the indictment and proved to the jury beyond a reasonable doubt. United States v. Promise, 255 F.3d 150, 156-57 (4th Cir. 2001)("Apprendi dictates that in order to authorize the imposition of a sentence exceeding the maximum allowable without a jury finding of a specific threshold drug quantity, the specific threshold quantity must be treated as an element of an aggravated drug trafficking offense i.e., charged in the indictment and proved to the jury beyond a

8

reasonable doubt.") Here, Count Five of the Indictment charged Petitioner with possession with intent to distribute five grams or more of a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. The quantity of drugs to be proved - five grams or more of cocaine base- was thus charged as an element and charged the threshold quantity of drugs required for an enhanced penalty under 21 U.S.C. § 841(b)(1)(B).

Petitioner has not established his attorney's deficiency as to the performance prong of the Strickland test. Simply stated Petitioner's Indictment was not defective. Therefore, his counsel was not ineffective for failing to challenge the Indictment before this Court or on appeal.

Next, Petitioner contends that his counsel was ineffective for failing to object to an illegal sentence of life imprisonment pursuant to 21 U.S.C. §§ 841(b)(1)(A) and (B) and for failing to raise this issue on appeal.

Petitioner contends that his life sentence is illegal because in determining his guilt, the jury did not determine "the individual drug amount attributable to him." (Memo in Support of Motion to Vacate at 12-13.) Further, relying on United States v. Collins, 415 F.3d 304 (4th Cir. 2005), Petitioner claims that his sentence is illegal because the Court failed to give a special instruction to the jury that it must render a finding concerning Petitioner's individual participation in the conspiracy and a finding concerning the individual amount of drugs attributable to him. Petitioner is correct that the jury did not determine an individual drug amount attributable to him and that Collins requires the Court to instruct the jury in a manner such that the jury would determine the amount of drugs attributable to a defendant as an individual member of the charged conspiracy, where the court seeks to impose an enhanced sentence under § 841(b). However, Collins was decided on July 12, 2005, fourteen months after Petitioner's conviction. Therefore, at the time of

9

Petitioner's trial, the Fourth Circuit had not recognized as a Sixth Amendment right an individualized determination of drug quantity in the context of a conspiracy. Counsel's purported failure to object to Petitioner's life sentence on this ground, therefore, cannot be deemed ineffective since the law supporting such an objection had not been decided at the time of Petitioner's conviction.[4]

Next, Petitioner argues that counsel was ineffective for failing to challenge his life sentence on appeal. However, once again, the Court notes that at the time of the filing of Petitioner's appeal, the Collins case had not been decided.[5] Further, the Court notes that in Petitioner's supplemental brief, Petitioner raised the issue that the jury failed to find an individual drug quantity as to the conspiracy charge (See Govt's Mot. For Summary Judgment, Ex. H ¶ 18.) However, the Fourth Circuit rejected this issue and all of the other issues raised in Petitioner's supplemental brief. Therefore, Petitioner raised the issue he claims his counsel was ineffective for not raising and the issue was rejected by the Fourth Circuit. Because the issue was raised and rejected, Petitioner cannot

---

[4] Furthermore, the Court notes that Petitioner's counsel did object to the PSR's finding that Petitioner was subject to life imprisonment, arguing that because the jury did not make a special finding concerning the scope of Petitioners role in the conspiracy his sentence should be a maximum of twenty years pursuant to 21 U.S.C. § 841(b)(a)(C). Additionally, Mr. Lee argued that the convictions in the § 851 notice constituted sentencing entrapment and, therefore, Petitioner's sentence for Count Five should be a minimum of five years instead of the statutory sentence of ten years to life imprisonment. Finally, Mr. Lee objected to the offense conduct because Petitioner maintained his innocence to the counts for which he was convicted. Mr. Lee relied on these objections at the sentencing hearing. While the undersigned agreed that these objections were well argued, the Court overruled Petitioner's objections based on "the evidence at trial and the preponderance thereof." (Sentencing Transcript at 6.)

[5] The Court notes that Collins which was decided on July 12, 2005, was the law by the time Petitioner's appeal was decided on March 14, 2006.

10

establish that he was prejudiced by his counsel's failure to raise the claim on appeal.[6] Petitioner has not established either prong of the Strickland test. Therefore, he has not established that counsel was ineffective for failing to raise this specific issue on appeal.

Finally, Petitioner argues that his counsel was ineffective for failing to anticipate the Supreme Court's decision in Booker. Booker was decided two days after Petitioner was sentenced. "[T]here is no general duty on the part of defense counsel to anticipate changes in the law." Government of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3rd Cir. 1989). It cannot be said that failure to anticipate the changes brought about by the Supreme Court's decision in Booker constituted deficient performance under Strickland. See Randolph v. Delo, 952 F.2d 243, 246 (8th Cir. 1991)(ruling that trial counsel was not ineffective for failing to raise Batson challenge two days before Batson was decided); Johnson v. Armontrout, 923 F.2d 107, 108 (8th Cir. 1991) (stating that "counsel's failure to anticipate a change in existing law is not ineffective assistance of counsel."); see also Kornahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995) ("an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law.").

Second, Booker made the Sentencing Guidelines advisory. It did not "alter the rule that judges cannot depart below a statutorily provided minimum sentence . . . . [A] district court has no discretion to impose a sentence outside of the statutory range established by Congress for the offense of conviction." United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005). Petitioner had two prior felony drug convictions which subjected him to a mandatory sentence of life imprisonment

---

[6] Alternatively, Petitioner cannot establish prejudice because he was sentenced to life imprisonment on both counts of the Indictment. Therefore, even if this Court were to assume that counsel was deficient in failing to raise this issue on appeal and that Petitioner's conviction on Count One could not stand, Petitioner would still have been sentenced to life on Count Five.

under 21 U.S.C. §841(b)(1)(A). The Court sentenced Petitioner to life imprisonment pursuant to the mandatory statutory requirement; therefore, no error occurred under Booker. Petitioner has not established either prong of the Strickland test. Therefore, his claim of ineffective assistance of counsel must fail.

### III. CONCLUSION

The Court has considered the pleadings and documents submitted by the parties and the entire record of this matter and finds that it is clear that Petitioner is not entitled to relief on any of his claims.

### IV. ORDER

**IT IS, THEREFORE ORDERED** that:

1. The Government's Motion for Summary Judgment (Doc. No. 6) is **GRANTED**;

2. The Petitioner's Motion to Vacate, Set Aside, or Correct Sentence(Doc. No. 1) is **DENIED and DISMISSED**.

**SO ORDERED**.

Signed: October 1, 2008

Richard L. Voorhees
United States District Judge